DLD-160                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1520
_____

IN RE: EDWARD BAYUK,
                                                  Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 1:23-cv-21314)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 5, 2025
Before:  RESTREPO, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: July 30, 2025)
_____

OPINION[*]
_____

PER CURIAM

Edward Bayuk has filed a petition for a writ of mandamus in which he requests

relief related to litigation in the United States District Court for the District of New Jersey

(the "District Court").  We will deny the petition.

In 2021 and 2022, the United States Bankruptcy Court for the District of Nevada

awarded costs and attorney's fees against Bayuk to William A. Leonard, Jr., the Chapter

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

trustee in an adversary proceeding captioned <u>Leonard v. Morabito, et al.</u>, Adv. No. 15-5046. In October 2023, Leonard filed a complaint in the District Court. He alleged that Bayuk had fraudulently transferred his New Jersey property to MAXTMAX, LLC, a limited liability company whose sole member is Bayuk, for the stated consideration of $1.00. Leonard brought claims against Bayuk and MAXTMAX under the New Jersey Uniform Voidable Transactions Act. <u>See</u> N.J. Stat Ann. 25:2-20 <u>et seq.</u> In November 2023, the District Court Clerk entered a default against the defendants, and on the same day, Bayuk requested an extension of time to respond to the complaint. Litigation related to Bayuk's effort to vacate the default has been ongoing in the District Court since then. In his mandamus petition, Bayuk alleges that the bankruptcy judgments against him were fraudulently obtained. He requests that the District Court be directed to provide him with an oral hearing, a jury trial, and damages.

A writ of mandamus is a drastic remedy available only in extraordinary cases. <u>See</u> <u>In re Diet Drugs Prods. Liab. Litig.</u>, 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner "must establish that (1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." <u>Hollingsworth v.</u> <u>Perry</u>, 558 U.S. 183, 190 (2010) (per curiam) (cleaned up). Here, Bayuk has not established his entitlement to such extraordinary relief, as he has failed to show how the District Court proceedings are inadequate to address his requests for a hearing, a jury trial, and damages. Indeed, the District Court ruled on similar requests, and denied them without prejudice, in an October 2024 order. To the extent that Bayuk seeks to challenge

2

that order, or any other order, such as the entry of a default, this mandamus proceeding may not be used as a substitute for an appeal, which Bayuk may bring at the appropriate time.  See Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996) ("[A] writ of mandamus may not issue if a petitioner can obtain relief by appeal.").

Accordingly, we will deny the mandamus petition.